# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

DARRYL WOMACK,

    Plaintiff,

v.

PAUL DALEY,

    Defendant.

Case No. 3:11-CV-459 JVB

## OPINION AND ORDER

Plaintiff, a prisoner confined at the St. Joseph County Jail, filed a complaint under 42 U.S.C. § 1983, which the Court struck according to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), with leave to file an amended complaint. Plaintiff has now filed an amended complaint alleging that South Bend Police Officer Paul Daley violated Plaintiff's federally protected rights by using excessive force against him during an arrest. This matter is before the Court pursuant to its statutory screening obligation. *See* 28 U.S.C. § 1915A (2006) (requiring screening of any complaint filed by a prisoner seeking redress from a governmental entity or officer or employee of a governmental entity).

Accordingly, the Court must review the Amended Complaint and dismiss it if it fails to state a claim upon which relief may be granted, seeks monetary relief against a defendant who is immune from such relief, or if the action is frivolous or malicious. § 1915A(b). Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Supreme Court has articulated the factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences in the plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, it is insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id*.

A plaintiff can also plead him- or herself out of court by alleging facts that preclude relief. *E.g., Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. eBay, Inc.*, 453

F.3d 882, 888 (7th Cir. 2006). This occurs where the plaintiff could not prevail on the merits without contradicting his or her complaint. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

In this context as others, a reviewing court must construe a *pro se* plaintiff's complaint more liberally than it would one that was drafted by a trained attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Plaintiff brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642, 646-47 (7th Cir. 2004). To state a claim under § 1983, the plaintiff must allege a violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988). The first inquiry in every § 1983 case is whether a state actor has deprived the plaintiff of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Plaintiff names Officer Daley as the only defendant (DE 6 at 2), but Plaintiff's request for relief suggests that "the South Bend Police Dept. [should] be held accountable" for Officer Daley's actions. (*Id.* at 5.) However, "a police department is not a suable entity under § 1983." *Best v. City of Portland*, 554 F.3d 698, 698 n.* (7th Cir. 2009) (citing *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997)).

Plaintiff could sue the City of South Bend, asserting an official-capacity claim against the municipality under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). But municipalities cannot be held liable for damages under § 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. *Id.* at 694. For liability to attach against a

3

municipality under § 1983, a plaintiff must show that "*deliberate* action attributable to the municipality directly caused a deprivation of federal rights." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997). "Municipal liability under § 1983 attaches where–and only where– a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). Plaintiff does not allege that Defendant used excessive force on him as a result of an official policy or custom established by the City of South Bend, and therefore he states no official-capacity claim against the municipality.

Plaintiff alleges that when Officer Daley arrested him on July 29, 2011, he tased Plaintiff in the stomach and penis even though Plaintiff had not fled or physically resisted arrest. (DE 6 at 3.) Plaintiff alleges Defendant's actions constituted "cruel and unusual punishment because it felt like [he] was dying of electrocution." (*Id.*)

"In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Conner*, 490 U.S. 386, 394 (1989). "[A]*ll* claims that law enforcement officers have used excessive force–deadly or not–in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness standard.'" *Id.* at 395. (The Fourteenth Amendment's due process clause protects pretrial detainees from excessive use of force, and the Eighth Amendment's cruel and unusual punishments clause protects those convicted of crimes from excessive use of force. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).) Plaintiff's claim arose during his arrest, so this Amended Complaint must be analyzed under Fourth Amendment standards.

4

"Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham v. Conner*, 490 U.S. at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). The Seventh Circuit has decided that using a taser gun on a person is more than a *de minimis* application of force. *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009).

Therefore, this *pro se* Plaintiff has stated a plausible Fourth Amendment claim upon which relief may be granted under § 1983 by alleging Defendant used a taser gun on him unreasonably while Plaintiff was not resisting. Accordingly, the Court:

(1) GRANTS Plaintiff leave to proceed against Defendant in his individual capacity for damages on Plaintiff's Fourth Amendment excessive-force claim;

(2) DISMISSES, pursuant to 28 U.S.C. § 1915A(b)(1), any other claims and Defendants;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS Defendant to respond to the Amended Complaint;

(4) DIRECTS the Marshals Service to effect service of process on Defendant; and

(5) DIRECTS the Clerk's Office to ensure that a copy of this Order is served on Defendant along with the summons and Amended Complaint.

SO ORDERED on January 18, 2012.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE